Dwayne Aron KNOTTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00225–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 2000.

---

R. Scott Shearer, Houston, for Appellant.

Rikke Burke Graber, John B. Holmes, Houston, for State.

Panel consists of Judges COHEN, NUCHIA, and SMITH.*

## ORDER

PER CURIAM.

Appellant appeals his conviction for possession of cocaine.

Appellant's retained counsel has filed a brief meeting the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which, after reviewing the record, he concludes that the appeal is frivolous and without merit. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim.App.1969).

Only appointed counsel are required to file an *Anders* brief. Retained counsel are not required to do so. *See Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A retained attorney, upon determining that an appeal is frivolous, must so inform this Court and seek leave to withdraw by filing a motion complying with rule 6.5 of the Texas Rules of Appellate Procedure. *See id.*

Rule 6.5 requires that counsel, by copy of the motion, apprise appellant of certain facts. *See* TEX.R.APP.P. 6.5(a)(1)-(4). In addition to the rule 6.5 requirements, we hold that retained counsel must certify to this Court that appellant has been notified that he may exercise either (1) his right to retain other counsel, or (2) his right to move for an extension of time to file a *pro se* brief. This is to assure that

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the client, who will soon be without counsel, does not lose the right to be heard.

■ Counsel's *Anders* brief cannot be construed as a motion to withdraw because it does not meet the requirements of rule 6.5. Therefore, before we grant counsel's withdrawal motion, counsel must meet the requirements of rule 6.5 and, in addition, must certify that appellant has been informed that he has a right to retain another counsel or to file a *pro se* brief and to move for an extension of time to file it. Upon receipt of this certification, this Court will grant counsel's withdrawal motion. *See Nguyen,* 11 S.W.3d at 379–80.

Accordingly, we **ORDER** appellant's retained counsel, by December 1, 2000, to file in this Court a certification listing appellant's last known telephone number and showing that appellant has been notified in writing of his right to object to the motion[1] and that appellant may retain other counsel or file his own *pro se* brief and file a motion for extension of time to file it.

It is so **ordered**.

---

1. In his certificate of service, counsel has listed appellant's last known address.