11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William Wayne Davis

Appellant

Vs.                   No.
11-02-00336-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial
court convicted appellant, upon his plea of guilty, of aggravated sexual
assault of a child under the age of 14. 
A plea bargain agreement was not reached.  The trial court assessed his punishment at confinement for 7
years.  We affirm.

Appellant=s retained counsel has filed a motion to
withdraw.  Counsel states that, after a
thorough review of the complete record, he has concluded that the appeal is
frivolous and without merit.  Counsel
further states in his motion that he has delivered a copy of the motion to
appellant and has advised appellant of his right to object to the motion and to
ask for an extension of time in which to file a pro se brief.  Neither a pro se motion for extension of
time nor a pro se brief has been filed. Counsel has complied with the
requirements of McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S.
429 (1988); Knotts v. State, 31 S.W.3d 821 (Tex.App. - Houston [1st Dist.]
2000, no pet=n); Nguyen v. State, 11 S.W.3d 376 (Tex.App.
- Houston [14th Dist.] 2000, no pet=n); Pena v. State, 932 S.W.2d 31 (Tex.App. - El Paso 1995, no pet=n); Johnson v. State, 885 S.W.2d 641
(Tex.App. - Waco 1994, pet=n ref=d).








We have
independently reviewed the record before this court.  The record reflects that appellant was properly admonished in
compliance with TEX. CODE CRIM. PRO. ANN. art. 26.12 (Vernon 1989) and that
appellant knowingly and voluntarily waived his rights and signed a judicial
confession.  TEX. CODE CRIM. PRO. ANN.
arts. 1.13, 1.14, 1.15, & 27.13 (Vernon 1989 & Supp. 2003).  The record also reflects that trial counsel
provided reasonably effective assistance. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988
S.W.2d 770 (Tex.Cr.App. 1999).   Nothing
in the record suggests that but for trial counsel=s actions appellant would have not pleaded guilty but would have
insisted on going to trial.  Hill v.
Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530
(Tex.Cr.App.1997), cert. den=d, 525 U.S. 810 (1998).

Appellant
testified that he had lived with his girlfriend and her daughter (the victim)
for seven or eight years.  He testified
that, during that time, he treated the victim as if she was his daughter.  The record reflects that the victim called
appellant ADad.@  Appellant admitted that, while
he was attracted to the victim A[n]ot as [his] child but as a female,@  he had never been attracted to
other girls her age.  Appellant=s girlfriend was ill at this time and took a
lot of medicine.  Appellant stated that
he did not think his attraction was normal and that he thought the victim
became  Asort of a substitute@ for his girlfriend (the victim=s mother).  Appellant said that
he had inserted his finger into the victim=s vagina, that he only did it once, that he Afelt like something was wrong@ afterwards, that the one time he did it was
when his girlfriend walked into the room and saw him, and that he had fondled
the victim Athree or four@ times Aon top of her clothes.@  The
evidence was both legally and factually sufficient.  Jackson v. Virginia, 443 U.S. 307 (1979); Vasquez v. State, 67
S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).             We
agree with appellant=s
counsel=s conclusion that the appeal is without
merit.  The judgment of the trial court
is affirmed.

 

PER
CURIAM

 

June 26, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot,
C.J., and

Wright, J., and McCall,
J.