11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Derrick Shawn Culberson

Appellant

Vs.                   Nos.
11-02-00307-CR & 11-02-00308-CR B Appeals from Dallas County

State of Texas

Appellee

 

These are
appeals from two judgments adjudicating guilt. 
Derrick Shawn Culberson originally entered pleas of guilty to the
January 25, 1998, aggravated robbery[1]
and the January 31, 1998, robbery[2]
of his mother.  Appellant also entered
pleas of true to the enhancement allegations that he had been convicted in 1989
and in 1990 of burglary of a building. 
Plea bargain agreements were not reached.  In each case, the trial court deferred the adjudication of guilt
and placed appellant on community supervision for 10 years.  

At the
hearing on the State=s
amended motions to adjudicate guilt, appellant entered pleas of true to the
State=s Allegation No. 9, that he violated the
terms and conditions of his community supervision by failing to “faithfully
participate” in the program Aftercare following his release from SAFPF.  In each case, the trial court found that
four of the State=s
allegations (including No. 9) were true, revoked appellant=s community supervision, adjudicated his
guilt, and imposed a sentence of confinement for life.[3]  We affirm the convictions.








Appellant=s retained counsel has filed a motion to
withdraw in each case.  Counsel states
that, after a thorough review of the complete record in each case, he has concluded
that the appeals are frivolous and without merit.  Counsel further states in his motions that he has delivered a
copy of the motions to appellant and has advised appellant of his rights to
object to the motions and to ask for an extension of time in which to file pro
se briefs.  Counsel has complied with
the requirements of McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429
(1988); Knotts v. State, 31 S.W.3d 821 (Tex.App. - Houston [1st Dist.] 2000, no
pet=n); Nguyen v. State, 11 S.W.3d 376 (Tex.App.
- Houston [14th Dist.] 2000, no pet=n); Pena v. State, 932 S.W.2d 31 (Tex.App. - El Paso 1995, no pet=n); Johnson v. State, 885 S.W.2d 641
(Tex.App. - Waco 1994, pet=n ref=d). 

Appellant
has requested and received two extensions of time in which to file his
brief.  As of this date, appellant=s briefs have not been filed.

We have
reviewed the entire record before us and agree that the appeals are without
merit.  We note that appellant entered
pleas of true to the State=s allegations that he violated the terms and conditions of his
community supervision.  TEX. CODE CRIM.
PRO. ANN. art. 42.12, ' 5(b)
(Vernon Supp. 2003) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Phynes v. State,
828 S.W.2d 1 (Tex.Cr.App.1992); Olowosuko v. State, 826 S.W.2d 940
(Tex.Cr.App.1992).  The records reflect
that appellant was properly admonished concerning his original pleas of guilty
and support the trial court=s conclusions that appellant knowingly and voluntarily entered his
pleas of guilty.  The records further
reflect that there are no jurisdictional defects.  

The
judgments of the trial court are affirmed.

 

PER
CURIAM

 

September 26, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]Cause No. 11-02-00308-CR.  TEX. PENAL CODE ANN. '
29.03 (Vernon 2003) defines the offense and declares it to be a first degree
felony.





[2]Cause No. 11-02-00307-CR.  TEX. PENAL CODE ANN. '
29.02 (Vernon 2003) defines the offense and declares it to be a second degree
felony.





[3]TEX. PENAL CODE ANN. '
12.42(d) (Vernon 2003) provides that the range of punishment for a person
convicted of a felony and who has two prior felony convictions shall be
confinement for life or a term of not more than 99 years and not less than 25
years.