**Opinion issued March 11, 2014**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NOS. 01-12-00723-CR, 01-12-00724-CR & 01-12-00725-CR

—————————————

**CHIKEVIA RENA ROBERTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1305295, 1305843 & 1305927**

---

**MEMORANDUM OPINION**

Appellant, Chikevia Rena Roberts, pleaded guilty without an agreed recommendation on punishment to two counts of burglary of a habitation with intent to commit theft and one count of burglary of a building with intent to

commit theft. The trial court found appellant guilty of all three offenses and assessed her punishment at six years' confinement for each burglary of a habitation conviction and at eighteen months' confinement for the burglary of a building conviction, with the sentences to run concurrently. The trial court certified her right to appeal, and appellant filed a timely notice of appeal.

Appellant failed to make arrangements to pay for the reporter's record, and this Court notified appellant that her appeal could be considered without a reporter's record if she did not make arrangements to pay for the record or file a motion to abate within five days of receiving our October 30, 2012 notice. Appellant did not respond, and, accordingly, this Court issued an order on November 30, 2012, stating that the case would be considered on issues or points that do not require a reporter's record and ordering that appellant's brief be filed within thirty days.

Appellant failed to file a brief. On February 20, 2013, this Court abated the appeal and remanded the case to the trial court to hold a hearing to determine, among other things, whether appellant wished to prosecute the appeal and whether her attorney, Lott J. Brooks, III, had abandoned the appeal. The trial court held the requested hearing on March 11, 2013, at which appellant and her attorney both appeared. Appellant stated that she wished to continue prosecuting the appeal and that she wished to continue with Brooks as her counsel. Brooks also stated that he

would continue to prosecute the appeal on appellant's behalf. Brooks further testified that appellant had not fully paid his attorney's fees but that "she's still in the process" and that he felt comfortable continuing to represent her. He stated that there were no issues with payment of fees or communication with appellant. The trial court ordered Brooks to file a brief on appellant's behalf within thirty days.

On April 18, 2013, Brooks filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and a motion to withdraw as counsel. We struck this brief, on the ground that the procedural safeguards provided in *Anders* are not applicable to an appellant who is represented by a retained attorney. *See Nguyen v. State*, 11 S.W.3d 376, 378–79 (Tex. App.—Houston [14th Dist.] 2000, no pet.). We also denied Brooks's motion to withdraw and ordered him to file briefs on the merits or a motion complying with Texas Rule of Appellate Procedure 6.5 within fifteen days of our April 24, 2013 order.

Brooks subsequently filed a compliant motion to withdraw, which this Court granted in an order dated June 18, 2013. In that same order, we notified appellant that she had the right to (1) retain other counsel or (2) move for an extension of time to file a pro se brief and that she was required file her brief or extension of time no later than thirty days from the date of the order. *See Knotts v. State*, 31 S.W.3d 821, 822 (Tex. App.—Houston [1st Dist.] 2000, order). We further

3

informed appellant that unless she retained counsel who filed a brief or filed a motion for extension of time to file a pro se brief, the appeal would be set for submission and considered without briefs on the merits alone.

We received no response to our June 18, 2013 order. Therefore, on December 13, 2013, we set the appeal for submission on January 21, 2014, and notified the parties, as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b). Again, we received no response.

Accordingly, we consider the appeal without briefs.[1] We have reviewed the record for fundamental error and find none. *See Ashcraft v. State*, 802 S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); *Meza v. State*, 742 S.W.2d 708, 708–09 (Tex. App.—Corpus Christi 1987, no pet.).

---

[1] Texas Rule of Appellate Procedure 38.8(b)(4) provides that an appellate court may consider an appeal in a criminal case without briefs if the trial court has found that the appellant is not indigent but has not made the necessary arrangements for filing a brief, as justice may require. TEX. R. APP. P. 38.8(b)(4). The rules also provide that an appellate court may suspend a rule's operation in a particular case and order a different procedure to expedite a decision or for other good cause. *See* TEX. R. APP. P. 2. The trial court has not made Rule 38.8(b)(4) findings in this appeal since Brooks filed a motion to withdraw after concluding the appeal was meritless. We observe, however, that the record does not contain a finding of indigence, and appellant has not suggested to the trial court or to this Court that she is indigent. In spite of multiple notices, she has failed to make arrangements to file a brief. Accordingly, we hold that good cause exists to suspend the requirement that the Rule 38.8(b)(4) finding be made by the trial court because: (1) appellant's retained counsel concluded that the appeal was frivolous and withdrew from representation, (2) after we gave appellant an opportunity to retain other counsel, she did not communicate with the Court either through counsel or pro se, and (3) abatement to the trial court for additional Rule 38.8(b)(4) findings would be a waste of judicial resources in this case.

We affirm the judgment of the trial court.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).