# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00211-CR

**Jacob Mediano, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D-14-1052-SB, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In the above cause, appellant Jacob Mediano's brief was first due on August 24, 2016, but the deadline was extended to November 16, 2016, after this Court granted retained counsel's motion to withdraw.[1] Mediano, now proceeding pro se, has filed a motion in this Court requesting the appointment of counsel to file his brief. The record reflects that, prior to retained counsel's

---

[1] *See* Tex. R. App. P. 6.5. In his motion to withdraw, retained counsel—who had been hired by Mediano's family—represented that he could find no non-frivolous issues to raise on appeal. Counsel further represented that he had prepared a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and had sent it to Mediano, but he did not file it with this Court because, according to at least some intermediate appellate courts in Texas, the requirements of *Anders* apply only to appointed counsel. *See, e.g.*, *Lopez v. State*, 283 S.W.3d 479, 480-81 (Tex. App.—Texarkana 2009, no pet.); *Knotts v. State*, 31 S.W.3d 821, 822 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam order) *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *but see Clemett v. State*, No. 03-00-00341-CR, 2000 Tex. App. LEXIS 8487, at *1 (Tex. App.—Austin Dec. 21, 2000, no pet.) (not designated for publication) (permitting retained counsel to file *Anders* brief and reviewing appeal in same manner as if appointed counsel had filed *Anders* brief).

representation of Mediano, the district court had appointed counsel to represent Mediano both at trial and on appeal, after finding that Mediano was indigent.[2] The record further reflects that the district court has made no subsequent finding that Mediano's financial circumstances have materially changed.[3]

In criminal proceedings, an indigent defendant is entitled to have an attorney appointed to represent him on appeal.[4] And it is the district court that must determine whether Mediano remains indigent.[5] Accordingly, under these circumstances, we abate the appeal, remand the cause to the district court to conduct a hearing in accordance with rule 38.8 of the rules of appellate procedure, and dismiss as moot Mediano's motion for appointment of counsel.[6] The district court shall hold a hearing immediately to determine whether appellant still desires to prosecute this appeal and, if so, whether appellant is indigent.[7] If appellant desires to appeal and is indigent, the district court should make appropriate orders to ensure that appellant is adequately represented on appeal. *See id.* Following the hearing, the district court should order the appropriate

---

[2] *See* Tex. Code Crim. Proc. art. 26.04(a).

[3] *See id*. art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

[4] *See id*. art. 1.051(d)(1).

[5] *See id*. art. 26.04(b)(1).

[6] *See* Tex. R. App. P. 38.8(b)(2), (3); *see also Logan v. State*, 463 S.W.2d 740, 740-41 (Tex. Crim. App. 1971) (abating appeal under similar circumstances where retained counsel withdrew from representing indigent defendant prior to filing brief).

[7] *See* Tex. R. App. P. 38.8(b)(2), (3).

supplementary clerk's and reporter's records to be prepared and forwarded to this Court no later than December 5, 2016.[8]

It is ordered on November 4, 2016.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   November 4, 2016

Do Not Publish

---

[8] *See id.*