**Motion Denied and Order filed September 10, 2020.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-19-00488-CV**
_____

**GENSETIX, INC., Appellant**

**V.**

**BAYLOR COLLEGE OF MEDICINE, DIAKONOS RESEARCH, LTD., AND WILLIAM K. DECKER, Appellees**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-02003**

---

# O R D E R

Either Skiermont Derby LLP or appellant Gensetix, Inc. has filed a "Motion to Withdraw Christopher M. Hodge as Counsel for Appellant Gensetix, Inc." We deny the motion without prejudice to refiling.

The Texas Rules of Appellate Procedure serve as a checklist for litigants and counsel filing motions in the courts of appeals. Because the rules identify the information required, courts look to them in deciding motions, even unopposed ones.

Given limited judicial resources and the press of urgent matters, when parties file unopposed motions, courts may overlook noncompliance with technicalities when doing so would not frustrate the purposes of the rule. Likewise, to serve the interests of justice, appellate courts may liberally construe motions filed on appeal, making allowances for poor writing and minor deficits. But if the motion contains ambiguities and fails to comply with the essential requirements of the applicable rules, we must deny the relief requested.

The opening sentence of Gensetix's motion recites that "Pursuant to Texas Rule of Appellate Procedure 6.5, Skiermont Derby LLP respectfully requests that Christopher M. Hodge be withdrawn as counsel for Appellant Gensetix, Inc. ("Gensetix") in the above-referenced matter." The apparent movant, the law firm of "Skiermont Derby LLP," is not a party to this appeal. Our record reflects that Christopher M. Hodge, an attorney at Skiermont Derby LLP, signed the notice of appeal and Gensetix's appellant's brief and that Hodge is the lead counsel for Gensetix in this appeal. *See* Tex. R. App. P. 6.1(a). Despite the initial reference to the law firm as movant, the last sentence in the motion suggests that Gensetix may be the movant.[1] The movant, whomever it is, casts the motion as one seeking withdrawal of an attorney rather than one seeking substitution of an attorney. Texas Rule of Appellate Procedure 6.5 governs both scenarios, but the provisions applicable to each differ. *See* Tex. R. App. P. 6.5. The terminology for each also differs. *See id.*

An attorney seeking to cease representation of a client on appeal without a new attorney taking the withdrawing attorney's place must file a motion to withdraw

---

[1] The motion's last sentence states that "For the foregoing reasons, Gensetix respectfully requests that this Court grant its Motion to Withdraw Christopher M. Hodge as counsel for Gensetix."

2

complying with subsection (a) of Rule 6.5 and take the steps required by subsections (b) and (c). *See id.*; *Knotts v. State*, 31 S.W.3d 821, 822–23 (Tex. App.—Houston [1st Dist.] 2000, published order); *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). An attorney seeking to withdraw and have another attorney take the place of the withdrawing attorney must file a motion to withdraw and take the steps required by subsection (b), but the withdrawing attorney in that scenario need not comply with subsection (a) or (c). *See* Tex. R. App. P. 6.5(d).

Though in places Rule 6.5's text uses passive voice and does not specify the actor, two parts of the rule specify that the actor is the "withdrawing attorney."[2] Rule 6.5 does not provide for notice to withdrawing attorneys or for an opportunity for withdrawing attorneys to object to their withdrawal — all textual clues that the rule drafters intended the withdrawing attorney to be the movant. *See* Tex. R. App. P. 6.5. Thus, it would not be reasonable to interpret Rule 6.5 as allowing a person or entity other than the withdrawing attorney to move to withdraw the attorney from representing a party in the appellate court. *See* Tex. R. App. P. 6.5; *Knotts*, 31 S.W.3d at 822–23; *Nguyen*, 11 S.W.3d at 379. In context, the unambiguous language of Rule 6.5 requires the withdrawing attorney to file any motion to withdraw, regardless of whether an attorney plans to substitute for the withdrawing attorney. [3]

---

[2] *See* Tex. R. App. P. 6.5(c) (stating "[i]f the court grants the motion, *the withdrawing attorney* must immediately notify the party, in writing, of any deadlines or settings that the attorney knows about at the time of withdrawal but that were not previously disclosed to the party. The *withdrawing attorney* must file a copy of that notice with the court clerk.") (emphasis added); Tex. R. App. P. 6.5(d) (stating "[i]f an attorney substitutes for a withdrawing attorney . . . [t]he *withdrawing attorney* must comply with (b) but not (c)") (emphasis added).

[3] *See* Tex. R. App. P. 6.5; *Knotts*, 31 S.W.3d at 822–23 (stating that "[a] retained attorney, upon determining that an appeal is frivolous, must so inform this Court and seek leave to withdraw by filing a motion complying with rule 6.5 of the Texas Rules of Appellate Procedure" and "Rule 6.5 requires that *counsel*, by copy of the motion, apprise appellant of certain facts. *See* Tex. R. App.

The actor in today's case (whether Gensetix or Skiermont Derby LLP) is not the "withdrawing attorney" under Rule 6.5. Ironically, the withdrawing attorney (Hodge) was not invited to this event. Hodge is not the movant in the motion to withdraw, and Hodge has not asked this court for leave to withdraw. In the certificate of conference in the motion, attorney Sarah E. Spires certifies that she has conferred with counsel for each of the appellees regarding the motion to withdraw and that the appellees do not oppose the relief sought in the motion. Though Texas Rule of Appellate Procedure 10.1 did not require a certificate of any conference with Hodge, Spires could have mentioned that she conferred with Hodge, but she did not do so. *See* Tex. R. App. P. 10.1(a)(5). A party filing a motion in this court must serve a copy of the document on all other parties to the proceeding, but the party does not have to serve a copy on its own counsel of record. *See* Tex. R. App. P. 9.5(a) & 2002 cmt. Attorney Spires signed a certificate of service in which she certified that she caused a copy of the motion to be served on all counsel of record by the electronic filing system. Though Hodge is Gensetix's counsel of record, a filing party does not have to serve its own counsel of record. *See id.* In addition, though Texas Rule of Appellate Procedure 9.5(e) requires that the certificate of service state the name and address of each person served, the certificate of service in the motion does not state the name or address of any person served. *See* Tex. R. App. P. 9.5(e). Attached to the motion is a certificate of service from the efiling system showing that Spires served a copy of the motion on herself, Paul Skiermont,

---

P. 6.5(a)(1)–(4)") (emphasis added); *Nguyen*, 11 S.W.3d at 379 (stating that "[i]n order to effectuate the withdrawal, the appointed attorney must file a motion to withdraw accompanied by [an *Anders* brief] . . .the retained attorney is *not* required to file an *Anders* brief along with his motion to withdraw . . .We evaluate retained counsel's request to withdraw based on the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 6.5."). The movant has not stated any special circumstances or requested suspension of Rule 6.5 under Rule 2 based on any special circumstances, such as the death or disappearance of Gensetix's counsel of record. *See* Tex. R. App. P. 2.

and counsel of record for each of the appellees, but that Spires did not serve a copy of the motion on Hodge. Thus, from the face of the motion, we cannot be sure that Hodge was served with a copy of the motion or that he is aware of its filing.

In sum, the motion to withdraw fails to satisfy Rule 6.5's basic requirement that the attorney seeking to withdraw file the motion to withdraw. *See* Tex. R. App. P. 6.5; *Knotts*, 31 S.W.3d at 822–23; *Nguyen*, 11 S.W.3d at 379. Attorney Sarah Spires of Skiermont Derby LLP signed the motion as an attorney for Gensetix. Whether the movant is Skiermont Derby LLP or Gensetix, Christopher M. Hodge, who is currently the lead counsel for Gensetix in this appeal, is not the movant. For this reason alone, this court cannot grant the motion. *See* Tex. R. App. P. 6.5; *Knotts*, 31 S.W.3d at 822–23; *Nguyen*, 11 S.W.3d at 379.

In addition, the motion does not state that an attorney will be substituting for Hodge, nor does the motion request that a lawyer take over as lead counsel for Gensetix in this appeal. *See* Tex. R. App. P. 6.1. Instead, the motion states that "Paul J. Skiermont and Sarah E. Spires of Skiermont Derby LLP will continue to represent Gensetix in this matter." Neither is designated as the lead counsel for Gensetix.

Even presuming that this situation involves a substitution of an attorney for Hodge, Rule 6.5 requires that Hodge deliver the motion to withdraw to Gensetix at Gensetix's last known address. *See* Tex. R. App. P. 6.5 (b),(d). Nothing in the motion or our record reflects that Hodge has done so.

On this record, we cannot be sure that Hodge has been given notice of the filing of this motion, in which Skiermont Derby LLP or Gensetix seeks leave for Hodge to withdraw from representing Gensetix. In the motion, the movant (Skiermont Derby LLP or Gensetix) states that Hodge is no longer affiliated with Skiermont Derby LLP. That statement hardly answers Rule 6.5's questions. Were

5

this court to grant the motion, we would be removing Hodge from his representation as lead counsel for Gensetix, without any opportunity for this court to hear Hodge's views on this motion and possibly without any notice to Hodge. Taking this course would violate Rule 6.5 and set bad precedent. *See* Tex. R. App. P. 6.5; *Knotts*, 31 S.W.3d at 822–23; *Nguyen*, 11 S.W.3d at 379.

The substance of the motion is a motion to withdraw, not a notice of designation of new lead counsel under Rule 6.1(c). *See* Tex. R. App. P. 6.1(c). The motion does not state that new lead counsel is being designated, nor does the motion state who will take over the role of lead counsel for Gensetix if this court grants the motion and removes Hodge as lead counsel. In addition, the motion lacks the signatures Rule 6.1(c) requires. *See id*. Thus, this court cannot properly treat the motion as a notice of designation of new lead counsel under Rule 6.1(c). *See id*.

By seeking leave for withdrawal of a party's lead counsel without involvement of the lead counsel as movant, lead counsel's former colleagues have not satisfied Rule 6.5's requirements for withdrawal. Were this court to grant the requested withdrawal, we would lay the groundwork for unwelcome consequences that include potential misunderstandings as to the relief sought and granted and lack of notice to those whose interests are impacted. Overlooking these failures likely would create confusion as well as unwanted and unfair surprises.

Accordingly, we deny the motion without prejudice to the refiling of a motion to withdraw that satisfies Rule 6.5's requirements, which necessarily would include the proper movant.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant.
Publish

6