Humberto B. LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–08–00125–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 26, 2009.

Decided March 27, 2009.

Humberto B. Lopez, Longview, pro se.

Zan Colson Brown, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

Humberto B. Lopez appeals from his conviction of the state-jail felony of possession of a controlled substance (cocaine), in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003). He was sentenced to two years' confinement, probated for four years.[1] Lopez is not indigent.

For the following reasons, we affirm the judgment.

■ Lopez filed his notice of appeal on June 18, 2008. The clerk's record was filed on July 8, 2008, and the reporter's record was filed on September 4, 2008. Lopez's retained attorney filed a motion to withdraw, stating that after a thorough review of the record and applicable law, he was unable to find any grounds for appeal that might result in a reversal and concluded that the appeal was wholly frivolous. Counsel further detailed in his motion the difficulties he encountered in attempting to contact Lopez, or to obtain direction from Lopez concerning the continuation or termination of the appeal. Counsel mailed a copy of that motion to Lopez, but informed this Court that it was returned as undeliverable. Counsel met all the other requirements of Rule 6.5 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 6.5.

■ The provisions of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), do not apply to retained counsel. *Rivera v. State*, 130 S.W.3d 454, 459 (Tex.App.-Corpus Christi 2004, no pet.); *Craddock v. State*, 38 S.W.3d 886, 887 (Tex.App.-Waco 2001, no pet.). This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure. *Rivera*, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal. *Id.* So, when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure.

---

1. We note that Lopez was formally sentenced from the bench to sixty days' confinement on consecutive weekends until completed as a condition of his community supervision.

*Id.* Then, we need only address whether counsel complied with that rule. *Id.*

On February 24, 2009, this Court granted counsel's motion to withdraw. On that same date, this Court also mailed a letter to the last known address Lopez had provided to counsel, providing Lopez with ten days in which to retain different counsel to pursue his appeal or to take other action showing his continuing intention to effectively pursue this appeal. Our letter was returned with the notation:

RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD

It is an appellant's duty to keep his counsel and the Court apprised of his location. *See In re Schulman,* 252 S.W.3d 403, 408–09 n. 22 (Tex.Crim.App.2008).

We know of no rule that obligates us to retain on our docket an appeal which an appellant has represented, through his hired attorney, as frivolous simply because the appellant failed to inform his attorney or this Court of his current whereabouts. Yet, in the interest of justice, we followed our sister court of appeals [2] and undertook an independent review of the appellate record to determine whether the representation regarding the frivolousness of the appeal was accurate. In doing so, we likewise uncovered no arguable issue warranting reversal.

We affirm the judgment of the trial court.

_____

2. *Torres v. State,* 271 S.W.3d 872 (Tex.App.-Amarillo 2008, no pet.).