COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00447-CR 

 

 


 
 
 Gilbert Chagolla, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
County Court OF Jack COUNTY

------------

MEMORANDUM OPINION[1]

----------

          Appellant Gilbert Chagolla, Jr.
appeals his conviction and 180-day sentence for possessing less than two ounces
of marijuana.[2]  We grant his counsel’s motion to withdraw and
affirm his conviction.

Background Facts

          The State charged appellant with
possessing less than two ounces of marijuana. 
Appellant waived constitutional and statutory rights and pled nolo
contendere, but the trial court deferred its adjudication of his guilt and
placed him on a two-year community supervision term.  The trial court’s community supervision order
included several conditions; for example, it required appellant to not commit
further offenses, to perform fifty hours of community service at the rate of
sixteen hours per month, and to pay a fine, fees, and costs.  Appellant acknowledged that he received his
community supervision conditions.

          Several months after the trial court
signed its community supervision order, the State filed a motion that alleged
violations of the order and asked the trial court to adjudicate appellant
guilty.  Later, the State amended its
motion to allege more violations.

          At an evidentiary hearing on the
State’s motion, appellant pled “not true” to violating the community
supervision order.  But the State proved that
appellant committed more offenses during his community supervision term and
also violated the order in other ways.  The
parties made closing arguments, and the trial court found some of the
allegations in the State’s motion to be true, adjudicated appellant guilty of
possessing marijuana, and sentenced him to 180 days’ confinement in jail.[3]  Appellant filed notice of this appeal.

Our Procedural Posture

          Appellant’s retained appellate counsel,
David Martinez (who was also his trial counsel), has filed a motion to withdraw
from his representation of appellant. Martinez has also filed a brief
contending that, under Anders v.
California, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), there are no
arguable issues to support appellant’s appeal.

            While an attorney, whether
appointed or retained, is under an ethical obligation to refuse to pursue a
frivolous appeal, the procedural safeguards of Anders and its progeny do not apply to retained attorneys.  See
McCoy v. Court of Appeals of Wis., 486 U.S. 429, 436, 108 S. Ct. 1895, 1901
(1988); Nguyen v. State, 11 S.W.3d
376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.); Mays v. State, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995,
no pet.).  “This is so because by
securing retained counsel, the appellant has received all that Anders was designed to ensure.”  Lopez v.
State, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.).  A retained attorney, on determining that an
appeal is frivolous, must inform the court that the appeal has no merit and
seek leave to withdraw by filing a motion complying with rule 6.5 of the rules
of appellate procedure.  Id.; see
Tex. R. App. P. 6.5; Pena v. State,
932 S.W.2d 31, 32 (Tex. App.—El Paso 1995, no pet.).  We must then determine whether the motion to
withdraw satisfies the requirements of rule 6.5.  See Pena,
932 S.W.2d at 33.

          Martinez’s motion to withdraw from
representing appellant meets the requirements of rule 6.5 because it lists the
appeal’s deadlines; contains appellant’s name, last known address, and
telephone number; includes a statement that a copy of the motion was delivered
to appellant; and contains a statement that appellant was notified in writing
of the right to object to the motion.  See Tex. R. App. P. 6.5(a).  Appellant has not objected to Martinez’s motion
to withdraw.  Therefore, we grant the
motion.

Appellant’s Sole Issue

          After Martinez asked to withdraw as
appellant’s counsel, appellant filed a pro se brief in which he raised one issue.[4]  The State did not respond to that brief.  Having granted Martinez’s request to withdraw
as counsel, we will now address appellant’s issue.

          Appellant argues that the trial court
violated his right to procedural due process by failing to allow him to present
evidence before it assessed his punishment. 
He asserts that his mother was waiting outside of the courtroom and
would have testified on his behalf regarding sentencing.[5]  During the adjudication hearing, after the
State finished questioning its sole witness and before the parties submitted
their closing arguments, the State said that it closed “on this part of the
trial.”  The trial judge said, “Mr.
Martinez?”  In response, Martinez,
without calling any witnesses or asking to do so, also closed.  Thus, the record belies appellant’s claim
that the trial court did not give him an opportunity to present evidence; the
record shows that appellant did not take advantage of the opportunity that the
trial court gave to him.  Furthermore, due
process complaints may be forfeited by not raising them at trial, and appellant
failed to raise this due process argument at trial.  See
Tex. R. App. P. 33.1(a); Robinson v.
State, 310 S.W.3d 574, 577–78 (Tex. App.—Fort Worth 2010, no pet.); Belt v. State, 127 S.W.3d 277, 282 (Tex.
App.—Fort Worth 2004, no pet.).  For
these reasons, we overrule the sole issue raised in appellant’s pro se brief.

          Finally, we note that although an Anders brief was not required, after independently
reviewing the entire record in the interest of justice, we agree with Martinez’s
determination that there are no arguable issues to support a meritorious appeal
in this case.  See Lopez, 283 S.W.3d at 481;
Nguyen, 11 S.W.3d at 380; Pena,
932 S.W.2d at 33.

Conclusion

          Having
granted Martinez’s motion to withdraw and having overruled appellant’s only
issue, we affirm the trial court’s judgment.

 

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

          

PANEL: 
LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 4, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann. § 481.121(b)(1) (Vernon 2010).





[3]During
his closing argument, appellant’s counsel did not dispute that appellant had
violated the community supervision order; instead, his counsel asked for a
lenient sentence.





[4]Appellant
has not specifically requested an opportunity to obtain new counsel in light of
Martinez’s April 26, 2010 motion to withdraw.





[5]Martinez
said at the beginning of the revocation hearing that appellant’s mother would
testify.