

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-130-CR

DOUGLAS RAY ONICK                                         APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On our own motion, we withdraw our opinion and judgment of October 7, 2010, and substitute the following.

### I. Introduction and Background

After his arrest following an undercover drug purchase, a grand jury indicted, and a jury convicted Appellant Douglas Ray Onick for intentionally or

---

[1]*See* Tex. R. App. P. 47.4.

knowingly possessing more than one but less than four grams of cocaine.[2] Appellant pleaded true to a habitual offender notice, and the trial court sentenced him to twenty-five years' imprisonment. In four points, Appellant complains of alleged ineffective assistance of counsel, disjunctive allegations in the indictment, fictitious witness testimony, and insufficient evidence of possession. We affirm.

## II. *Anders*[3] **Brief and Motion to Withdraw by Appellant's Retained Counsel**

An attorney, whether appointed or retained, is under an ethical obligation to refuse to pursue a frivolous appeal. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988); *see also* Tex. Disc. R. Prof'l Conduct 3.01. Appellant's retained counsel filed a motion to withdraw as counsel and a brief in support of that motion. But "the procedural safeguards of *Anders* and its progeny do not apply to retained attorneys." *Nguyen v. State*, 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.— Texarkana 2009, no pet.). Rather, a retained attorney, on determining that an appeal is frivolous, must inform the court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule 6.5 of the rules of appellate procedure. *See Pena v. State*, 932 S.W.2d 31, 32 (Tex. App.—El Paso

---

[2]*See* Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2010).

[3]*See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

1995, no pet.); *see also* Tex. R. App. P. 6.5. We must then determine whether the motion to withdraw satisfies the requirements of rule 6.5. *See Pena*, 932 S.W.2d at 33; *Mays v. State*, 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.).

Here, counsel's motion does not comply with rule 6.5 because it does not state that counsel notified Appellant in writing of his right to object to counsel's motion to withdraw as required by rule 6.5(a)(4). *See* Tex. R. App. P. 6.5(a)(4); *see also Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.). Accordingly, we deny counsel's motion to withdraw. *See Rivera*, 130 S.W.3d at 458.

However, despite the deficiencies in counsel's motion to withdraw, counsel did inform Appellant of his right to file a pro se brief on his behalf, and Appellant elected to do so. Thus, we will consider each of the points in Appellant's pro se brief. *See generally Lopez*, 283 S.W.3d at 481 (undertaking independent review of record "to determine whether the representation [by the appellant's retained counsel] regarding the frivolousness of the appeal was accurate").

### III. Ineffective Assistance of Counsel

Appellant contends in his first point that his trial counsel rendered ineffective assistance. Specifically, Appellant argues that all of his consultations with his trial counsel focused on plea discussions; that his trial counsel did not inquire about or investigate any defenses; that his trial counsel did not file any motions, formulate a trial strategy, or subpoena any pertinent evidence; and that

3

an attorney from his trial counsel's firm, rather than trial counsel himself, actually tried the case.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). There is no requirement that we approach the two-pronged inquiry of *Strickland* in any particular order, or even address both components of the inquiry if the defendant makes an insufficient showing on one component. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland,* 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas,* 163 S.W.3d at 740; *Mallett,* 65 S.W.3d at

4

63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Here, although Appellant makes several allegations about his trial counsel's representation, he does not cite to any portion of the record that would arguably support his contention that his trial counsel rendered ineffective assistance.[4] And we note that, contrary to Appellant's contention, Appellant's retained trial counsel participated in the trial by conducting the cross-examination of the State's first witness and making a closing argument. Further, the record is silent concerning any reasons for trial counsel's alleged inaction. Generally, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101

---

[4]Appellant's citations to the record concern only his reference to the trial court's refusal to allow him to change lawyers on the morning of trial.

S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref'd). Because the record is silent as to trial counsel's strategy and methods used in discovering and preparing for Appellant's trial and because the claim of ineffectiveness is not firmly founded in the record, we must presume that trial counsel rendered reasonable professional assistance. *See Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. Consequently, we overrule Appellant's first point.

## IV. Disjunctive Allegations in Indictment

In his second point, Appellant contends that his indictment was "inadmissible" because it provided that he intentionally or knowingly possessed a controlled substance without specifying between intentional or knowing possession. However, it is well-settled that an indictment may properly allege, disjunctively, that an offense was committed intentionally or knowingly. *See Hunter v. State*, 576 S.W.2d 395, 396 (Tex. Crim. App. [Panel Op.] 1979); *see also* Tex. Health & Safety Code Ann. § 481.115(a) ("[A] person commits an offense if the person *knowingly or intentionally* possesses a controlled substance listed in Penalty Group 1." (emphasis added)). Thus, we overrule Appellant's second point.

## V. Sufficient Evidence of Possession

In his fourth point, Appellant contends that the evidence is insufficient to establish that he possessed the controlled substance. He points to testimony by Officer Tracey Crow that she did not actually see Appellant possess the

controlled substance and that she could not tell what was handed to the alleged

buyer.  He also argues that the State must "negate any other origins of

probability or potential possessors of the controlled substance to remove all

reasonable doubt."[5]

## A.  Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we

view all of the evidence in the light most favorable to the prosecution in order to

determine whether any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S.

307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778

(Tex. Crim. App. 2007); *see Brooks v. State*, No. PD-0210-09, 2010 WL

3894613, at *14 (Tex. Crim. App. Oct. 6, 2010) ("[T]he *Jackson v. Virginia*

standard is the only standard that a reviewing court should apply in determining

whether the evidence is sufficient to support each element of a criminal offense

that the State is required to prove beyond a reasonable doubt.").

## B.  Applicable Law

"[A] person commits an offense if the person knowingly or intentionally

possesses a controlled substance listed in Penalty Group 1, unless the person

---

[5]This argument by Appellant is similar to the "reasonable hypotheses" standard for reviewing circumstantial evidence that required the evidence to exclude every reasonable hypothesis inconsistent with the appellant's guilt, but the court of criminal appeals abolished the "reasonable hypotheses" standard in *Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice." Tex. Health & Safety Code Ann. § 481.115(a). Cocaine is a controlled substance listed in Penalty Group 1. *See id.* § 481.102(3)(D) (Vernon 2010). "'Possession' means actual care, custody, control, or management." *Id.* § 481.002(38) (Vernon 2010).

## C. Analysis

Appellant points to the testimony by Officer Crow, but Officer Rafael Salazar's testimony provides legally sufficient evidence of possession. Officer Salazar testified that he saw Appellant sitting in the driver's seat of a van in the K & K Liquor Store parking lot, that a female exited an undercover vehicle and approached the van, that Appellant opened the door, and that the female returned to the undercover vehicle and left the scene. Officer Salazar testified that he then heard the bust signal over the police radio and that he approached the van in which Appellant was sitting. He testified that he ordered Appellant out of the van, that Appellant tried to walk around the front of the vehicle, and that he saw Appellant "toss a clear plastic baggie to the ground."[6] Officer Salazar testified that he personally retrieved the baggie containing the controlled substance after another officer detained Appellant. Officer Salazar testified that the baggie was "maybe a foot away" from Appellant. Thus, Officer Salazar's

---

[6]Appellant does not contest that the plastic baggie contained cocaine, and we note that the State presented evidence that the plastic baggie did in fact contain cocaine.

testimony establishes that Appellant possessed a controlled substance. We therefore overrule Appellant's fourth point. *See* Tex. Health & Safety Code Ann. §§ 481.002(38), .115(a); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

## VI. "Fictitious" Witness Testimony

Appellant argues in his third point that Officer Salazar gave fictitious and perjured testimony. While the State may not obtain a conviction through the knowing use of perjured testimony, the appellant bears the burden of showing that the testimony used by the State was in fact perjured. *Losada v. State*, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986). "Discrepancies in testimony alone do not make out a case for perjury." *Id.* at 312.

In this case, to support his contention that Officer Salazar gave fictitious testimony, Appellant cites a portion of Officer Salazar's testimony where Officer Salazar acknowledged that his arrest affidavit lists the name of another officer. But Officer Salazar testified that the inclusion of the other officer's name was probably a typographical error made by the undercover officer who typed the affidavit. The trier of fact is the sole judge of the weight and credibility of the evidence, and we are not free to substitute our judgment for that of the factfinder. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009); *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Moreover, to the extent that Appellant offers his own version

of events at the time of his arrest to rebut other parts of Officer Salazar's testimony, we note that Appellant did not testify at trial. The assertions in Appellant's brief are not evidence, and we may not consider them as such on appeal. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). Thus, because Appellant has not met his burden of showing that Officer Salazar's testimony was perjured, we overrule his third point.

## VII. Conclusion

Having denied counsel's motion to withdraw and having overruled each of Appellant's four points, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE


PANEL: GARDNER, MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 18, 2010