

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-12-00529-CR

___

JUAN ANTONIO MARISCAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4465, Honorable William P. Smith, Presiding

___

April 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Juan Antonio Mariscal appeals from the judgment revoking his community supervision and sentencing him to six years' confinement in prison.

According to the terms of a plea bargain agreement, on March 24, 2011, appellant plead guilty to driving while intoxicated, enhanced, and was sentenced to six years' confinement in prison probated to four years' community supervision.[1]  On July

___

[1] *See* TEX. PENAL CODE ANN. §§ 49.04 & 49.09(b)(2) (West Supp. 2013) (defining offense and level of enhancement).  As enhanced, the offense is a third degree felony

14, 2012, appellant was arrested and charged with driving while intoxicated. A blood sample analysis revealed a blood alcohol level of 0.185 grams of alcohol per 100 milliliters of blood.

On September 6, 2012, the State moved to revoke appellant's community supervision, alleging seven grounds. At the hearing on the motion, appellant plead true to all but one ground for revocation. After receiving evidence, the trial court revoked appellant's community supervision and sentenced him as noted.

A motion for new trial was apparently overruled by operation of law and this appeal followed. Appellant's retained appellate counsel was allowed to withdraw from representation after he asserted in a motion filed under appellate rule 6.5 that the case presented no non-frivolous grounds for appeal.

Appellant retained replacement counsel who subsequently filed a motion to withdraw and an *Anders*[2] brief asserting the case presented no non-frivolous grounds. We granted replacement counsel's motion to withdraw and afforded appellant the opportunity to respond to replacement counsel's brief, either through new counsel or *pro se*. Appellant filed no response and has not otherwise communicated with the court.

In his brief, replacement counsel states he reviewed the record and found no non-frivolous ground for appeal. The brief discusses the procedural history of the case as well as the proceedings at the revocation hearing. Counsel also briefly discusses

_____

punishable by imprisonment for any term of not more than ten years or less than 2 years and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34 (West 2011).

[2] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

potential appellate issues but concludes none have merit. Counsel indicates that he served appellant with a copy of the motion to withdraw. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused).

"The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation." *Nguyen v. State,* 11 S.W.3d 376, 379 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Oldham v. State,* 894 S.W.2d 561, 562 (Tex. App.—Waco 1995, order)). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State,* 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.). Rather, when retained counsel concludes an appeal lacks merit, counsel has the obligation to inform the client of this conclusion and refuse to prosecute the appeal. *Mays v. State,* 904 S.W.2d 920, 923 n.1 (Tex. App.—Fort Worth 1995, no pet.) (citing *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, no pet.) and *McCoy v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 437, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440, 452 (1988)). Retained counsel is not required to support a motion to withdraw with an *Anders* brief.

While *Anders* is inapplicable here, we have nevertheless conducted an independent review of the appellate record to determine whether the representation regarding the frivolousness of the appeal was accurate. *See generally Lopez,* 283 S.W.3d at 481; *Torres v. State,* 271 S.W.3d 872, 874 (Tex. App.—Amarillo 2008, no pet.). We have found no error arguably warranting reversal.

Accordingly, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.