

NUMBER 13-15-00551-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GLEN LEACH,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

**On appeal from the 319th District Court of
Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras,[1] and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Glen Leach challenges his conviction for possession of more than one but less than four grams of methamphetamine, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West, Westlaw through 2015 R.S.). We affirm.

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

## I. BACKGROUND

On January 18, 2014, Corpus Christi police officers discovered appellant asleep in the driver's seat of a pickup truck. The officers arrested him for possession of drug paraphernalia after a search of his person disclosed a syringe. A search incident to arrest uncovered a clear plastic baggie continuing "a purplish crystal substance" which the officer believed to be methamphetamine. Tests by the Texas Department of Public Safety's crime laboratory later confirmed that the substance was in fact methamphetamine.

The State charged appellant by indictment with possession of more than one ounce but less than four ounces of methamphetamine. *See id.* Appellant entered an open plea, executed a judicial confession, and requested that the trial court place him on probation given the state of his health.[2] The trial court accepted appellant's plea and confession, convicted him of the offense, and assessed punishment at three years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

Appellant did not file a brief by the deadline of April 4, 2016. When his counsel failed to respond to our notice that his brief had not been filed, we abated and remanded the case for the trial court to conduct a hearing and determine: whether appellant desired to prosecute the appeal; why appellant's counsel failed to file a brief and whether counsel had effectively abandoned the appeal; whether appellant had been denied effective assistance of counsel; whether appellant's counsel should be removed; and whether

---

[2] Appellant's medical records are part of the clerk's record and reveal that he has cancer of the lungs and brain. Appellant's counsel informed us in his most recent communication with this Court that appellant is under hospice care.

appellant is indigent and entitled to court-appointed counsel. *See* TEX. R. APP. P. 38.8(b)(2), (3). The trial court found that appellant wished to continue the appeal and had retained counsel, and that appellant's counsel needed ten extra days to submit the brief.

Appellant's counsel then filed an *Anders* brief concluding the appeal was frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). By an order dated July 19, 2016, we struck the *Anders* brief for failing to cite to pertinent legal authorities and ordered counsel to re-brief. By an order dated October 6, 2016, we withdrew our order of July 19 as improvidently issued. We observed that the *Anders* procedures do not apply to retained counsel "because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.). We instead ordered appellant's counsel to either file a brief on the merits or inform this Court of his determination that the appeal had no merit and file a motion to withdraw compliant with Texas Rule of Appellate Procedure 6.5. *See* TEX. R. APP. P. 6.5; *see also Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi 2004, no pet.) ("A retained attorney, on determining that an appeal is frivolous, must inform this Court that the appeal has no merit and seek leave to withdraw by filing a motion complying with rule 6.5 of the rules of appellate procedure."). We stated that if appellant failed to act within thirty days from the date of our order we would set the appeal for submission without briefs. *See* TEX. R. APP. P. 38.8(b)(4). More than thirty days has passed, and this Court has not received a brief on the merits or a motion to withdraw. We have accordingly submitted this appeal on the record. *See id.*

## II. FUNDAMENTAL ERROR

In the criminal context, an appellate court's inherent power to dismiss a case is usually reserved for those situations in which a party has engaged in serious misconduct such as bad-faith abuse of the judicial process. *Burton v. State*, 267 S.W.3d 101, 103 (Tex. App.—Corpus Christi 2008, no pet.). When, as here, an appellant has not filed a brief but has not engaged in serious misconduct, we submit the case on the record without benefit of briefs and review the record in the interest of justice. *Id.*; *see* TEX. R. APP. P. 38.8(b)(4).

When an appellant fails to file a brief, our review is limited to fundamental error. *Burton*, 267 S.W.3d at 103 (citing *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994)). The Texas Court of Criminal Appeals has identified three general categories of fundamental error: (1) errors recognized by the Legislature to be fundamental; (2) the violation of rights which are waivable only; and (3) the denial of absolute, systemic requirements. *Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). The *Saldano* Court gave the following specific examples of fundamental error: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' pretrial preparation for appointed counsel; (4) absence of personal jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) jury charge error resulting in egregious harm; (7) holding the trial at a location other than the county seat; (8) prosecution under an *ex post facto* law; and (9) comments by the trial judge which taint the presumption of innocence. *See id.* at 888–89.

We have carefully reviewed the record for fundamental error, but have found none. Appellant's right to counsel was not violated because he was represented by counsel

4

during the plea hearing. The trial court obtained personal jurisdiction over appellant by virtue of the indictment. *See State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). The statutory requirement of ten days' preparation is inapplicable because appellant's counsel was not appointed. *See Harville v. State*, 591 S.W.2d 864, 869 (Tex. Crim. App. 1979); *see also Salazar v. State*, No. 13-14-00499-CR, 2015 WL 832079, at *2 (Tex. App.—Corpus Christi Feb. 26, 2015, no pet.) (mem. op., not designated for publication). The district court possessed subject matter jurisdiction because the charged offense was a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (West, Westlaw through 2015 R.S.) (providing that "[d]istrict courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony"). The plea hearing was held in Corpus Christi, which is the county seat of Nueces County. There was no jury charge, and no court has held that the law under which appellant was prosecuted violates the prohibition against *ex post facto* laws. Finally, nothing in the record reflects any comments by the trial judge which might taint the presumption of innocence. In sum, our review of the record has found no fundamental error.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of February, 2017.

5