

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00104-CR

_____

TORRY JAMAL REED, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 41786-B

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Torry Jamal Reed was convicted by a Gregg County jury of murder and was sentenced to seventy-five years' imprisonment. The trial court initially appointed counsel to represent Reed in the appeal of his murder conviction, after having determined that Reed was indigent. Thereafter, appointed counsel withdrew from representation on Reed's request, and Reed retained Gerald L. Smith, Sr., to represent him on appeal. Thereafter, Smith filed an *Anders*[1] brief on Reed's behalf and filed a motion to withdraw as counsel. Ultimately, this Court granted Smith's motion to withdraw as counsel, in accordance with Rule 6.5 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 6.5. We then afforded Reed the opportunity to retain new counsel to represent him in this appeal. Reed filed a motion for extension of time in which to retain new counsel "due to recent fund issues within [his] family." Reed has now filed a pro se response to Smith's *Anders* brief.

Based on these circumstances, which reflect that Reed might now be indigent, we abate this matter to the trial court so that it may conduct whatever hearings are necessary to make the following determinations: (1) whether Reed still desires to prosecute his appeal and (2) whether Reed is indigent and entitled to appointment of counsel to represent him in this appeal. If Reed is determined to be indigent, then the trial court shall appoint counsel to represent Reed in this appeal.

---

[1]*Anders v. California*, 386 U.S. 738 (1967). By letter dated February 26, 2018, we advised Smith that the provisions of *Anders* do not apply to retained counsel. *See Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *Rivera v. State*, 130 S.W.3d 454, 459 (Tex. App.—Corpus Christi 2004, no pet.). However, recognizing that retained counsel has an ethical obligation to refuse to pursue a frivolous appeal, we have held that, "when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure." *Lopez*, 283 S.W.3d at 480.

The trial court may enter any orders necessary to implement these directives. Any hearing shall be conducted by the trial court within ten days of the date of this order. Appropriate orders and findings shall be sent to this Court in the form of a supplemental clerk's record within ten days of the date of the hearing contemplated by this order. The reporter's record of any hearing shall be filed with this Court within ten days of the date of the hearing contemplated by this order.

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: April 3, 2018