**GRANT; ABATE and Opinion Filed September 2, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00371-CR

**CLIFTON DEMONE OWENS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1854331-I**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Appellant, Clifton Demone Owens, was convicted by a jury of aggravated robbery and subsequently sentenced by the trial court to twenty-five years' imprisonment.

After appellant filed a notice of appeal and a pauper's oath, the trial court appointed appellate counsel. Appointed counsel filed a brief in which he concluded this appeal was wholly frivolous, without merit, and that there were no arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*,

436 S.W. 2d 137, 138 (Tex. Crim. App. 1969). Appointed counsel also filed a separate motion to withdraw stating that he sent appellant a copy of the motion and brief and had "complied with the requirements" of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).[1]

Appellant filed a pro se brief alleging error regarding what he termed (1) a lack of evidence, (2) possible tampering with evidence, and (3) deficiencies in the original police report. He also claimed that he received ineffective assistance of appellate counsel because appointed counsel filed an *Anders* brief instead of a brief on the merits. In addition, appellant filed a motion asking this Court to replace his appointed counsel with a new attorney.

We found the original *Anders* brief did not meet all of the requirements of *Anders*. *Owens v. State*, No. 05-19-00371-CR, 2020 WL 4281788, at *1 (Tex. App.—Dallas July 27, 2020, order) (mem. op., not designated for publication) (citing *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978)). We struck that brief and ordered appointed counsel to either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional

---

[1] The *Kelly* case clarifies that an appointed attorney who files an *Anders* brief must fulfill a number of additional functions: (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each; (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response; (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous; and (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes. *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *High*. *Id.*, 2020 WL 4281788, at \*3. We also ordered appointed counsel to address the issues raised in appellant's pro se response and denied appellant's pro se motion for new counsel. *Id*.

In accordance with that opinion, appointed counsel has again filed a motion to withdraw and an amended *Anders* brief in which he again concludes that this appeal is frivolous and without merit.

Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process; this can only be attained if appointed counsel acts in the role of an active advocate on behalf of his client. *Anders*, 386 U.S. at 744; *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 5087778, at \*2 (Tex. App.—Dallas Aug. 28, 2020, no pet. h.) (mem. op., not designated for publication) (citing *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at \*1 (Tex. App.—Dallas June 15, 2020, order) (mem. op., not designated for publication)). A properly prepared *Anders* brief will provide the appellate court with assurance of integrity in the criminal proceedings in the trial courts. *Arevalos*, 2020 WL 5087778, at \*2; *Jimenez*, 2020 WL 3166740, at \*1. To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling

was correct or why the appellant was not harmed by the ruling of the court." *High*, 573 S.W.2d at 813; *see also Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.); *Arevalos*, 2020 WL 5087778, at *2.

The *Anders* brief serves the dual purposes of setting out an attorney's due diligence investigation on behalf of the client and providing the appellate court with a "roadmap" for review of the record because "the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008); *Arevalos*, 2020 WL 5087778, at *2; *Jimenez*, 2020 WL 3166740, at *1. If done correctly, an *Anders* brief can be more difficult and time-consuming to prepare than an ordinary appellate brief. *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 4199062, at *3 (Tex. App.—Dallas July 22, 2020, order) (not yet published) and cases cited therein. Appointed appellate counsel's *Anders* obligations are constitutionally sensitive and require active advocacy. *Anders*, 386 U.S. at 744.

When we receive an *Anders* brief from a court-appointed attorney[2] asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S.

---

[2] The procedural safeguards established in *Anders* do not apply to retained counsel. *See McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 437 (1988); *Jeffery v. State*, 903 S.W.2d 776, 779 n.3 (Tex. App.—Dallas 1995, no pet.); *Crowe v. State*, 595 S.W.3d 317, 319 n.1 (Tex. App.—Dallas 2020, no pet.). If a retained attorney concludes that an appeal lacks merit, that attorney is obligated to inform the client of this conclusion and refuse to prosecute the appeal. *McCoy*, 486 U.S. at 437; *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.).

at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409; *Crowe*, 595 S.W.3d at 320. However, if we conclude either that appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, we abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; *Crowe*, 595 S.W.3d at 320. This Court takes its obligations under *Anders* seriously and we strictly enforce the requirements of *Anders*. *Arevalos*, 2020 WL 5087778, at *2; *see also Celaya v. State*, No. 05-18-00391-CR, 2020 WL 4251249, at *2 (Tex. App.—Dallas July 24, 2020, no pet. h.) (mem. op., not designated for publication) (stating that this Court "has grown weary of pro forma *Anders* briefs that do not reflect that appellate counsel has conducted a conscientious and thorough review of the law and the facts in full compliance with the requirements of *Anders*.").

In the amended *Anders* brief, appointed counsel again discusses (1) the indictment, (2) pretrial motions, (3) jury selection, (4) the sufficiency of the evidence, (5) the jury charge, and (6) the arguments of counsel. He discusses many

of the objections raised by defense counsel at both the guilt/innocence and punishment phases of the trial. Appointed counsel also discusses the three specific matters raised by appellant in his pro se response and explains why none of appellant's issues are valid or will support a point of error. Additionally, he discusses sustained objections and explains why those objections preserve nothing for appellate review.

However, after conducting a further independent review of the record in this case, we are once again forced to conclude that appointed counsel has not yet met his obligations under *Anders*.

For example, we note first that, while appointed counsel discusses many of the objections made by defense counsel and the trial court's rulings thereon, we can find no mention of at least four additional objections, one made at guilt/innocence and three made during the punishment phase of the trial. Nor does appointed counsel discuss any of the State's objections, of which there were at least seven, and the trial court's rulings thereon. An *Anders* brief filed in a contested case must describe *any* objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court." *High*, 573 S.W.2d at 811 (emphasis added). Nothing in *Anders* or *High* limits that discussion to only defense objections. Nor should any language in our prior opinion be read as limiting appointed counsel's duty to discuss only the defense

–6–

objections.[3] Indeed, the necessity of discussing the State's objections and the rulings thereon becomes increasingly clear if those objections and rulings prevented the defense from admitting evidence or pursuing a line of questioning, cross-examination, or impeachment of any witness. *Arevalos*, 2020 WL 5087778, at *3.

We list these examples only as illustrative of matters that remain to be investigated in this record. We note that this was a jury trial on guilt/innocence in which appellant's guilt was contested. We further note that the record before us contains many objections and rulings which were adverse to appellant. And, while we express no opinion as to whether there is, or is not, a meritorious issue in this case, we are not completely satisfied that the amended *Anders* brief filed by appointed counsel is based upon the type of review envisioned by *Anders*, *i.e.*, a conscientious and thorough review of the law and facts. Nor are we completely satisfied that appointed counsel has adequately researched this case and used due diligence investigating potential error before requesting to withdraw from further

---

[3] It is apparent to us that appointed counsel mis-read our prior opinion as a directive to file an amended *Anders* brief to discuss only the defense objections. Yet our order to counsel was far more encompassing:

> We order appointed counsel, within thirty days of the date of this opinion and order, to either (1) file a brief that addresses arguable issues found within the record, or (2) if, a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *High*, 573 S.W.2d at 813.

*Owens v. State*, No. 05-19-00371-CR, 2020 WL 4281788, at *3 (Tex. App.—Dallas July 27, 2020, order) (mem. op., not designated for publication).

representation. *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 407-08. Consequently, we grant appointed counsel's motion to withdraw and strike the amended *Anders* brief filed by appointed counsel.

We remand this case to the trial court and order the trial court to appoint new appellate counsel to represent appellant.[4] New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders* and *High*.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

<table>
<tr><td></td><td>/Leslie Osborne/</td></tr>
<tr><td>DO NOT PUBLISH</td><td>LESLIE OSBORNE</td></tr>
<tr><td>Tex. R. App. P. 47.2(b)</td><td>JUSTICE</td></tr>
<tr><td>190371F.U05</td><td></td></tr>
</table>

---

[4] As noted above, we previously concluded that the brief filed by appointed counsel failed to meet all the requirements for a proper *Anders* brief. At that time, we afforded appointed counsel an opportunity to re-brief this case. *Owens*, 2020 WL 4281788, at *3. Counsel once again filed an *Anders* brief, albeit a brief providing a more complete review of the record than his first *Anders* brief, that still failed to fully comply with the requirements of *Anders*. Having given appointed counsel one opportunity to re-brief, we are not inclined to provide counsel with a second briefing opportunity.