

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00218-CR

---

SIMON RICO, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 34767CR

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

After Simon Rico, Jr., pled guilty to manslaughter, a second-degree felony, the trial court sentenced him to eighteen years' imprisonment.  *See* TEX. PENAL CODE ANN. § 19.04.  For the reasons stated below, we affirm the trial court's judgment.

Rico filed a notice of appeal on December 13, 2024.  The clerk's record was filed on March 19, 2025, and the reporter's record was filed on March 20, 2025.  On April 3, 2025, Rico's court-appointed appellate counsel filed a joint motion to substitute counsel with counsel Rico had retained.  Thereafter, Rico's retained counsel filed a motion to withdraw and presented this Court with an *Anders* brief,[1] which we accepted but did not file.  Noting that "[t]he provisions of *Anders v. California* do not apply to retained counsel," *Torres v. State*, 271 S.W.3d 872, 873 (Tex. App.—Amarillo 2008, no pet.), we extended time to retained counsel for the purpose of (1) informing the Court that the appeal had no merit and (2) seeking leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure.  Retained counsel subsequently filed an amended motion to withdraw pursuant to Rule 6.5, stating that after a diligent and thorough review of the entire appellate record, including the clerk's record and all volumes of the reporter's record, he determined that there are no arguable grounds for reversal and that the appeal is wholly without merit.  Having determined that retained counsel satisfied the requisites of Rule 6.5, we granted retained counsel's motion to withdraw on September 23, 2025.

---

[1]*See Anders v. California*, 386 U.S. 738, 743–44 (1967).

"The constitutional protections afforded indigent appellants with appointed counsel do not apply to an appellant who has retained counsel."[2] *Rivera v. State*, 130 S.W.3d 454, 458 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (collecting cases); *see Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.); *Zarate v. State*, No. 07-24-00293-CR, 2025 WL 952229, at *1 (Tex. App.—Amarillo March 28, 2025, no pet.) (mem. op., not designated for publication). "This is so because by securing retained counsel, the appellant has received all that *Anders* was designed to ensure." *Lopez*, 283 S.W.3d at 480; *Zarate*, 2025 WL 952229, at *1 (quoting *Lopez*, 283 S.W.3d at 480). "Thus, only appointed counsel is required to file an *Anders* brief. Retained counsel is not required to do so." *Rivera*, 130 S.W.3d at 458. "Nonetheless, like their counterparts who have been appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous appeal." *Lopez*, 283 S.W.3d at 480; *see Zarate*, 2025 WL 952229, at *1. "So, when counsel encounters such an appeal, he must inform the appellate court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of Appellate Procedure." *Id.*; *Zarate*, 2025 WL 952229, at *1. "Then, we need only address whether counsel complied with that rule." *Id.* at 481; *see Zarate*, 2025 WL 952229, at *1. By our granting of Rico's retained counsel's motion to withdraw under Rule 6.5, we indicated that he had complied.

Here, Rico's retained counsel represented to the Court that he reviewed the appellate record and discovered no arguable grounds for reversal. Further, retained counsel represented that he provided Rico a copy of the motion to withdraw. The Court informed Rico that we

---

[2]Although the trial court found Rico to be indigent and appointed counsel for him on appeal, "the replacement of appointed counsel with retained counsel after a finding of indigency rebuts the presumption of continued indigency." *Eaglin v. State*, 710 S.W.3d 833, 850 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd). We find that Rico is not indigent.

3

granted retained counsel's motion to withdraw on September 23, 2025, and that Rico's pro se brief was due on October 23, 2025. We later informed Rico that the matter had been set for submission on November 24, 2025. We have not received any response from Rico.

"We know of no rule that obligates us to retain an appeal on our docket which Appellant has represented, through his hired attorney, is frivolous simply because the appellant failed to respond to his attorney's motion to withdraw or the accompanying brief." *Zarate*, 2020 WL 952229, at *1. Yet, "in the interest of justice, we undertook an independent review of the appellate record to determine whether [the] representation regarding the frivolousness of the appeal was accurate." *Id.*; *Lopez*, 283 S.W.3d at 481. We likewise detected no arguable issue warranting reversal.

We affirm the judgment of the trial court.


Jeff Rambin
Justice

Date Submitted:     November 24, 2025
Date Decided:       March 18, 2026

Do Not Publish