**GRANT; ABATE and Opinion Filed August 28, 2020**



𝕴𝖓 𝕿𝖍𝖊
𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘
𝕱𝖎𝖋𝖙𝖍 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕿𝖊𝖝𝖆𝖘 𝖆𝖙 𝕯𝖆𝖑𝖑𝖆𝖘

### No. 05-19-00466-CR

### JUAN MANUEL AREVALOS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1900219-M**

## MEMORANDUM OPINION
Before Justices Whitehill, Osborne, and Carlyle
Opinion by Justice Osborne

Appellant Juan Manuel Arevalos was convicted of aggravated sexual assault

of a child under fourteen years of age[1] and sentenced to fifteen years' imprisonment.

After appellant filed a notice of appeal and a pauper's oath, the trial court

appointed appellate counsel. Appointed counsel filed an original brief in which he

concluded this appeal was wholly frivolous, without merit, and that there were no

---

[1] Appellant was originally indicted for aggravated sexual assault of a child under six years of age. In finding appellant guilty, the trial court stated: "I do find you guilty of aggravated sexual assault of a child under 14. Now, based on the evidence, I cannot say beyond a reasonable doubt that I had proof of under 6, so I'm finding you guilty of aggravated sexual assault of a child under 14."

arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W. 2d 137, 138 (Tex. Crim. App. 1969). Appointed counsel also filed a separate motion to withdraw stating he had: (1) informed appellant of the motion to withdraw and the filing of the *Anders* brief; (2) provided appellant with the "requisite copies required by *Kelly*[2] while notifying him of his various pro se rights;" and (3) supplied him with a form motion for pro se access to the appellate record as well as the mailing address for this Court.[3]

We found the original *Anders* brief did not meet all of the requirements of *Anders*. *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 4199062, at *3 (Tex. App.—Dallas July 22, 2020, order) (not yet published) (citing *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978)). As a result, we struck the brief filed and ordered appointed counsel to either (1) file a brief that addresses

---

[2] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) which holds that an appointed attorney who files an *Anders* brief must fulfill a number of additional functions: (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each; (2) inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response; (3) inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous; and (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

[3] By letter dated November 19, 2019, we advised appellant of his right to file a pro se response by December 19, 2019 and that failure to file a pro se response by that date would result in the case being submitted on the brief filed by appointed appellate counsel. After appellant informed this Court that he wished to file a pro se response to the *Anders* brief filed by appellate counsel, we ordered appointed appellate counsel to provide appellant with copies of the clerk's and reporter's records. Appointed appellate counsel thereafter notified this Court by letter dated January 2, 2020, that a copy of the clerk's and reporter's record was sent to appellant on December 10, 2019. Appellant's pro se response was due by February 7, 2020. To date, this Court has not received a pro se response from appellant.

arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the *Anders* requirements.[4] *Id.*

In accordance with that opinion, appointed counsel has again filed a motion to withdraw and a second *Anders* brief in which he again concludes that this appeal is frivolous and without merit.

Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process; this can only be attained if appointed counsel acts in the role of an active advocate on behalf of his client. *Anders,* 386 U.S. at 744; *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.—Dallas June 15, 2020, order) (mem. op., not designated for publication). A properly prepared *Anders* brief will provide the appellate court with assurance of integrity in the criminal proceedings in the trial courts. *Jimenez,* 2020 WL 3166740, at *1. To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not

---

[4] Our determination as to whether the form of an *Anders* brief is sufficient is an inquiry legally distinct from our determination as to whether appointed counsel has correctly concluded the appeal is wholly frivolous. *Arevalos v. State*, No. 05-19-00466-CR, 2020 WL 4199062, at *2 n.4 (Tex. App.—Dallas July 22, 2020, order) (not yet published) (citing *In re N.F.M.*, 582 S.W.3d 539, 545–46 (Tex. App.—San Antonio 2018, no pet.)).

harmed by the ruling of the court." *High*, 573 S.W.2d at 813; *see also Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.).

The *Anders* brief serves the dual purposes of setting out an attorney's due diligence investigation on behalf of the client and providing the appellate court with a "roadmap" for review of the record because "the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008); *Jimenez*, 2020 WL 3166740, at *1. And, as we noted in our first opinion in this case, if done correctly an *Anders* brief can be more difficult and time-consuming to prepare than an ordinary appellate brief. *Arevalos*, 2020 WL 4199062, at *3 and cases cited therein. Appointed appellate counsel's *Anders* obligations are constitutionally sensitive and require zealous advocacy.

When we receive an *Anders* brief from a court-appointed attorney[5] asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 511. If we conclude, after conducting an independent

---

[5] The procedural safeguards established in *Anders* do not apply to retained counsel. *See McCoy v. Court of Appeals of Wis.,* 486 U.S. 429, 437 (1988); *Jeffery v. State*, 903 S.W.2d 776, 779 n.3 (Tex. App.—Dallas 1995, no pet.); *Crowe v. State*, 595 S.W.3d 317, 319 n.1 (Tex. App.—Dallas 2020, no pet.). If a retained attorney concludes that an appeal lacks merit, that attorney is obligated to inform the client of this conclusion and refuse to prosecute the appeal. *McCoy*, 486 U.S. at 437; *Lopez v. State*, 283 S.W.3d 479, 480 (Tex. App.—Texarkana 2009, no pet.).

review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409; *Crowe,* 595 S.W.3d at 320. However, if we conclude either that appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, we abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; *Crowe*, 595 S.W.3d at 320. This Court takes its obligations under *Anders* seriously and we strictly enforce the requirements of *Anders*. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.); *see also Celaya v. State*, No. 05-18-00391-CR, 2020 WL 4251249, at *2 (Tex. App.—Dallas July 24, 2020, no pet. h.) (mem. op., not designated for publication) (stating that this Court "has grown weary of pro forma *Anders* briefs that do not reflect that appellate counsel has conducted a conscientious and thorough review of the law and the facts in full compliance with the requirements of *Anders*.").

In his second *Anders* brief filed with this Court, appointed counsel discusses why this appeal is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated with respect to the following: (1) the indictment was sufficient as it alleged all elements necessary to sustain a conviction; (2) the evidence supporting

the conviction for aggravated sexual assault of a child under the age of fourteen was sufficient; (3) the trial court's action in overruling appellant's motion for new trial was not error, at least in part because the supplemental motion for new trial may have been untimely; and (4) the punishment assessed was within the applicable range of punishment for a first-degree felony. These discussions mirror those contained in his first *Anders* brief to this Court. Additionally, appointed counsel identifies and discusses the objections raised by defense counsel at trial, the rulings made on each objection, and explains, in detail, why none of those objections and/or rulings will, in his opinion, arguably support an issue on appeal.

After conducting a further independent review of the record in this case, however, we are once again forced to conclude that appointed counsel has not yet met his obligations by making a thorough and professional evaluation of this record.[6]

For example, we note first that, while appointed counsel discussed the objections made by defense counsel and the trial court's rulings thereon, appointed counsel wholly failed to discuss any of the State's objections and the trial court's rulings thereon. In *High*, the Court of Criminal Appeals made it plain that an *Anders* brief filed in a contested case must describe *any* objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court." 573 S.W. 2d at 811 (emphasis

---

[6] We hasten to add that we are not calling appointed counsel himself "unprofessional." Rather, we are tracking the standard "thorough and professional" review language used by *Anders* and its progeny.

added). Nothing in *Anders* or *High* limits that discussion to only defense objections. Nor should any language in our prior opinion be read as limiting appointed counsel's duty to only the defense objections.[7] Indeed, the necessity of discussing the State's objections and the rulings thereon becomes increasingly clear if and when those objections and rulings prevented the defense from admitting evidence or pursuing a line of questioning, cross-examination, or impeachment of any witness.

Additionally, the record indicates that defense counsel sought to question a witness about another allegation that may have been made by the child victim in this case against a person not on trial. Appointed counsel fails to discuss any aspect of that issue, nor does counsel explain why the trial court's exclusion of that questioning will not support an issue on appeal, *i.e.*, whether the issue was preserved for appellate review, waived, cured, non-meritorious, etc. We further note that counsel's analysis concerning preservation on the issues contained in the supplemental motion for new trial fails to account for the rule expressed in *State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007) (holding that, absent objection by the State, defendant may file an untimely amendment to a motion for new trial

---

[7] It is apparent to us that appointed counsel mis-read our prior opinion as a directive to file a second *Anders* brief to discuss only the defense objections. Yet our order to counsel was far more encompassing:

> We order appellant's counsel, within thirty days of the date of this opinion, to either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *High*, 573 S.W.2d at 813.

*Arevalos*, 2020 WL 4199062, at *3.

within trial court's seventy-five-day plenary jurisdiction following conviction and sentence).

We list these examples only as illustrative of matters that remain to be investigated in this record. We express no opinion as to whether there is, or is not, a meritorious issue in this case.

Simply put, we are not completely satisfied that the second *Anders* brief filed by appointed counsel is based upon the type of review envisioned by *Anders*, *i.e.*, a conscientious and thorough review of the law and facts. Nor are we completely satisfied that appointed counsel has adequately researched this case and used due diligence investigating potential error before requesting to withdraw from further representation. *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 407-08. Consequently, we grant appointed counsel's motion to withdraw and strike the second *Anders* brief filed by appointed counsel.

We remand the case to the trial court and order the trial court to appoint new appellate counsel to represent appellant.[8] New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel

---

[8] As noted above, we previously concluded that the brief filed by appointed counsel failed to meet all the requirements for a proper *Anders* brief. At that time, we afforded appointed counsel an opportunity to re-brief this case. *Arevalos*, 2020 WL 4199062, at *3. Counsel once again filed an *Anders* brief, albeit a brief providing a more complete review of the record than his first *Anders* brief, that still failed to fully comply with the requirements of *Anders*. Having given appointed counsel one opportunity to re-brief, we are not inclined to provide counsel with a second briefing opportunity.

–8–

identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders*.

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)
190466F.U05